PAUL W. DANIELS and JUANITA S. DANIELS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Daniels v. Commissioner
Docket No. 1139-78.
United States Tax Court
T.C. Memo 1979-282; 1979 Tax Ct. Memo LEXIS 242; 38 T.C.M. (CCH) 1100; T.C.M. (RIA) 79282; July 26, 1979, Filed *242 Matthew C. Long, for petitioners. David P. Fuller and Alan J. Pinner, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: In his notice of deficiency, respondent determined a deficiency in income tax for petitioner for the taxable year 1975 in the amount of $2,266. By amendment to his answer, respondent seeks an additional deficiency of $645, and an addition to the tax under the provisions of section 6653(b) [1] in the amount of $1,456. As a result of concessions by the parties, the questions presented for decision relate to (1) the deductions allowable to petitioner on account of certain rental property and (2) whether all or part of the underpayment of tax for the year 1975 was due to fraud within the meaning of section 6653(b). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Paul W. Daniels (hereinafter referred to as petitioner) was an employee of the Internal Revenue *243 Service and had been so employed since May 29, 1951. For the taxable year 1975, petitioner was a senior revenue agent (GS-13), assigned to duty in El Monte, California. During the taxable year 1975, the petitioner owned a residence at 2447 Grandeur, Altadena, California. In their individual income tax return for the taxable year 1975, petitioners reported a rental loss of $2,872 on account of the rental of that property, computed as follows: Rental Receipts
$1,920.00
Less: Depreciation
(2,329.40)
Other Expenses
(2,462.58)
Rental Loss (rounded to
nearest dollar)
$2,872.00
For the taxable year 1975, a reasonable allowance on account of depreciation of such residence amounted to $582.50. Other expenses incurred by the petitioner in connection with the rental of such property consisted of the following: Expense
Amount
Gardening $ 59.00
Rubbish hauling
120.00
Interest
264.18
Real estate taxes
521.73
Insurance
95.50
Water
108.00
Plumbing and Repairs
133.78
Legal fees
135.00
Carpet cleaning
50.00
Total
$1,487.19
In their individual income tax return for the taxable year 1975, petitioners claimed two exemptions for *244 dependency under the names of "Stephanie" and "Glenda," as dependent children residing with them during that year. In the examination of his return, petitioner first stated that the named dependents were his children and that neither were married. Petitioner's daughter Stephanie married Clifford Ramon Franklin on May 25, 1974. At the time petitioner claimed a dependency exemption for Stephanie, petitioner knew that she was married, and had resided with her husband throughout the taxable year 1975. Stephanie and her husband filed a joint individual income tax return for the taxable year 1975, reporting earnings of $1,631.75 and $7,850, respectively. Petitioner did not provide more than one-half of the support of his married daughter Stephanie. Glenda Daniels, who was a niece, died on September 4, 1974, at Pasadena, California. Petitioner was called by the Pasadena police department, as the only known relative, to grant permission to have the body of Glenda Daniels moved. At the time that the petitioner claimed a dependency exemption for Glenda Daniels, petitioner thus knew that she was deceased and that he had not provided for her support during the taxable year 1975. *245 The claim by the petitioner of Stephanie Daniels Franklin and Glenda Daniels as dependents for the taxable year 1975 resulted in an underpayment of tax by the petitioner due to fraud within the meaning of section 6653(b). OPINION In their return for the taxable year 1975, petitioners claimed a rental loss on account of the rental of a residence. Rentals from the residence aggregated $1,920. Against this amount, petitioners charged depreciation in the amount of $2,329.40 and other expenses in the amount of $2,462.58. In substantiation of the depreciation, petitioners presented no proof of the cost of the property, the allocation of such costs between depreciable and nondepreciable assets, its physical condition or its useful life, other than the oral testimony of petitioner. Respondent refused to allow any depreciation. Upon consideration of petitioner's testimony, the Court has concluded that a reasonable allowance for depreciation would be the sum of $582.50. With respect to the other expenses attributable to the rental property, the Court had adjusted the amounts allowed by the respondent to reflect an additional allowance for rubbish hauling in the amount of $80, *246 an allowance for insurance in the amount of $95.50, and an allowance for legal fees in the amount of $135. With respect to such adjustments or additional allowances, the Court concluded that there was sufficient proof in the record predicated largely upon petitioner's testimony. In addition to the deficiency, the respondent has asserted the penalty for fraud under section 6653(b) predicated upon the claim of petitioner for dependency exemptions on account of a married daughter and a deceased niece. At the time he filed the return, petitioner was well aware that he was not entitled to claim such exemptions. In the opinion of the Court, the claim of the exemptions in this case were not due to lack of knowledge. Petitioner was a revenue agent with 21 years of experience. Rather, petitioner claimed that he was mentally distraught at the time he filed his return on account of the death of his niece in September 1974. Petitioner's niece had died some 16 months before the return was filed. Petitioner was fully cognizant of his actions. The Court is unwilling to accept petitioner's explanation for the claim of two exemptions, both of which petitioner knew were incorrect. The *247 record clearly shows that petitioner knowingly claimed two exemptions, to which he knew he was not entitled, and it must be presumed he intended thereby to evade a portion of the tax due on his return. Such act constituted a deliberate attempt to defraud within the meaning of section 6653(b). Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩